IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03319-GPG

ARTHUR SANTISTEVAN,

Plaintiff,

v.

JOHN PATTERSON, City Manager, Cherry Hills Village,
CURT WOOD, Police Officer, Cherry Hills P.D.,
DAVID LYNES, Police Officer, Cherry Hills P.D.,
PAUL MCCARTHY, Police Officer, Cherry Hills P.D.,
MICHAEL MCKENZIE, Investigator, Arapahoe County Sheriff,
JOHN HICKENLOOPER, Governor, State of Colorado,
STATE OF COLORADO, and
JOHN/JANE DOE,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Arthur Santisteven, is in the custody of the Colorado Department of Corrections at the correctional complex in Buena Vista, Colorado. He has filed, *pro se*, a Prisoner Complaint asserting a deprivation of his rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Mr. Santisteven has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Santisteven is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below,

Mr. Santisteven will be ordered to file an amended complaint.

Mr. Santisteven alleges in the Complaint that in March 2009, Defendant Lynes submitted an arrest warrant to the Arapahoe County District Court that contained false information in the probable cause affidavit. Plaintiff further alleges that some of the false information was provided by Defendant Woods. The warrant was issued and Mr. Sanstisteven was arrested in conjunction with a burglary and theft that occurred on March 17, 2009. Criminal charges were filed in state court. Mr. Santisteven alleges that following a preliminary hearing at which Defendant Woods provided inaccurate testimony, he was bound over for trial. Mr. Santisteven states that on December 7, 2012, "all charge(s) were dismissed against the Plaintiff" (ECF No. 6) after a trial that resulted in a hung jury. Plaintiff asserts that the Defendants conspired to maliciously prosecute him, in violation of his constitutional rights, including his Fourteenth Amendment right to equal protection of the laws. He seeks monetary relief.

Mr. Santisteven's § 1983 claims against the State of Colorado are barred by the Eleventh Amendment. States enjoy Eleventh Amendment immunity from liability under § 1983, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007); *Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, Mr. Santisteven should not name the State of Colorado as a Defendant in the amended complaint.

The Complaint is also deficient because Mr. Santisteven fails to allege facts to show that Defendants John Patterson, Paul McCarthy, Michael McKenzie, John

Hickenlooper, and the John/Jane Doe Defendants were personally involved in the alleged deprivation of his constitutional rights. A § 1983 claim requires "personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009); *see also Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a supervisor can only be held liable for his own deliberate intentional acts); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (stating that "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

"[I]t is particularly important" in a § 1983 case brought against "a number of government actors sued in their individual capacity . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom* . . . as distinguished from collective allegations." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). Accordingly, it is

ORDERED that Plaintiff, Arthur Santisteven, file, **within thirty (30) days**, an amended complaint that complies with the directives in this Order

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff shall use the form in filing an amended complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some or all of this action without further notice.

DATED December 23, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge